## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CORNELIUS TUCKER, JR. AND**
**DANIEL LEE BROWN,**

      **Plaintiffs,**

v.                                                                              Civil Action No. 1:06cv161
                                                                           (Judge Keeley)

**ELISHA WHIPKEY, DARRELL HARPER,**
**CHARLES MILLER, DENISE DOE AND**
**GARY BRADLEY,**

      **Defendants.**

### REPORT AND RECOMMENDATION

On November 3, 2006, the *pro se* plaintiffs filed a civil rights complaint against the above-named defendants under the Federal Tort Claims Act ("FTCA") and the Freedom of Information Act ("FOIA").

Pursuant to the FTCA, a tort claim against the United States may be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402. Likewise, under the FOIA, "[o]n complaint, the district court of the United States in the district in which the complainant resides . . . or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin an agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

In this case, there appears to be no connection between this Court and the claims in the complaint. According to the envelope the complaint arrived in, the plaintiffs are federal inmates

incarcerated at the Central Prison in Raleigh, North Carolina. That facility, where the events in the complaint are presumed to occur,[1] is located within the Eastern District of North Carolina. The Defendants, all employees of the United States Treasury, Bureau of Public Debt, are located in either Parkersburg or Charleston, West Virginia. Thus, the place where the requested records are presumably held,[2] is located somewhere within the Southern District of West Virginia.

Pursuant to 28 U.S.C. 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Because it appears that the Eastern District of North Carolina has the greatest nexus to the claims raised in the complaint, it is the recommendation of the undersigned that this case be transferred to that district for all further proceedings.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[1] Plaintiffs assert that certain government bonds were confiscated during a search of their cells and have been lost.

[2] Plaintiff has filed a request for records under the FOIA with the Bureau of Public Debt at their offices in Parkersburg and Charleston.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiffs.

DATED: November 14, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE